UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKI YUNIOR GONZALEZ MARTINEZ,<br><br>          Petitioner,<br><br>    v.<br><br>IMMIGRATION COURT et al.,<br><br>          Respondents. | No.  1:26-cv-02154-DAD-EFB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 11, 12, 13, 16) |

On March 3, 2026, petitioner Rocki Yunior Gonzalez Martinez, A-File No. 241-102-052, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the U.S. District Court for Central District of California challenging his detention by Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On March 19, 2026, this case was transferred to the Eastern District of California after it was determined that petitioner was detained in California City, California.  (Doc. Nos. 5, 6.)  On April 10, 2026, petitioner filed a first amended petition for writ of *habeas corpus* with the assistance of counsel.  (Doc. No. 11.)  On April 13. 2026, respondents filed a motion to dismiss the petition.  (Doc. No. 13.)  On May 4, 2026, petitioner, proceeding through counsel, filed a motion for temporary restraining order seeking his immediate release from ICE custody.  (Doc. No. 16-2.)  On the same day, the court issued an order directing respondents to file an opposition to the pending motion in which they would indicate whether this

case is factually or legally distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 17.) In the same order, the court also indicated that if it determined that petitioner was entitled to the relief sought in the motion for temporary restraining order it would directly rule on the merits of the petition. (*Id.*) Respondents were directed to indicate if they objected to the court doing so and, if they did, to provide substantive reasons in support of that opposition. (*Id.*)

On May 6, 2026, respondents filed an opposition to the pending motion, wherein their sole argument is that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (Doc. No. 18 at 2), an argument that the undersigned has previously rejected on several occasions. *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *1–3 (E.D. Cal. Feb. 12, 2026). Respondents have further conceded that this case does not appear to be materially different from the circumstances addressed in the court's cited prior orders and have affirmatively requested "that if the Court is inclined to grant a preliminary injunction, judicial economy counsels that the Court should go further and enter a final judgment granting habeas corpus on the merits." (Doc. No. 18 at 1.)

Petitioner is a citizen of El Salvador who alleges that he entered the United States in 2007 without inspection or admission and has continuously resided in this country since then. (Doc. Nos. 11 at ¶¶ 12–13; 13-1 at 2.) He has no known criminal history. (Doc. No. 13-1 at 3.) On or about January 9, 2026, petitioner was arrested by ICE agents while traveling to work. (Doc. Nos. 11 at ¶ 14; 13-1 at 2.) There is no indication that petitioner was provided notice or an explanation for his detention, and it appears that the January 9, 2026 arrest was petitioner's first interaction with immigration officials.

The court incorporates the reasoning set forth in its prior order *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) and concludes that petitioner can only be detained pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). Further, because respondents do not provide an alternative statutory authority for petitioner's detention, the court incorporates the reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal.

2

Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and concludes that the appropriate remedy is to order petitioner's immediate release from respondents' custody.

For the reasons above,

1. Petitioner's first amended petition for writ of *habeas corpus* (Doc. No. 11), is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Rocki Yunior Gonzalez Martinez, A-File No. 241-102-052, from respondents' custody; and

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing pursuant to § 1226(a) before an immigration judge.

2. Petitioner's motions for an order to release or show cause (Doc. No. 12) and for a temporary restraining order (Doc. No. 16) are DENIED as having been rendered moot by this order granting the petition for writ of *habeas corpus*;

3. Respondents' Motion to dismiss (Doc. No. 13) is DENIED;

4. The Clerk of the Court is directed to serve the California City Detention Center with a copy of this order; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 8, 2026**                          _____
                                                 DALE A. DROZD
                                                 UNITED STATES DISTRICT JUDGE

3